Robert L. McGlasson
Attorney at Law*
1770 Post Street No. 207
San Francisco, California 94115
rlmcglasson@me.com
(404) 314-7664
*  *Licensed in GA, TX & FL*

September 6, 2022

Lyle W. Cayce, Clerk
United States Court of Appeals
for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

        Re: *Alvarez v. Lumpkin*, No. 18-70001

Dear Mr. Cayce:

  Pursuant to F.R.A.P. 28(j), Petitioner-Appellant Juan Carlos Alvarez responds to Respondent-Appellee Bobby Lumpkin's letters of July 19, 2022, regarding *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022) and *Shoop v. Twyford*, 142 S. Ct. 2037 (2022).[1]

  Respondent inaccurately claims that Petitioner had a "change of position" as to the exhaustion status of his IATC claim, and that regardless of exhaustion status, this Court cannot consider trial counsel's new affidavit[2] or any other new evidence. In fact, it is Respondent who consistently argued that Petitioner's IATC claim was

---

[1] This letter combines Mr. Alvarez's response to both of Respondent's letters. Thus while the word count of 563 exceeds the 350 word limit for one 28j response, it falls well within the limit for two. Additionally, the delay in filing this reply is occasioned by personal medical circumstances involving the partner of the undersigned receiving an organ transplant surgery on August 23, 2022, for whom the undersigned is primary caregiver.

[2] As discussed in prior briefing, trial counsel Frumcencio Reyes swears under oath in the affidavit that he does not dispute the accounts of jurors who observed him sleep repeatedly throughout the trial.

"unequivocally procedurally defaulted," only to change *his* position after the District Court determined the claim was fairly presented in state court.³

Regardless, neither *Martinez Ramirez* nor *Twyford* impact Petitioner's request for a stay and abeyance to allow the state court to address Petitioner's new evidence in the first instance, and to assess his DNA claims in light of a change in the legal landscape. Since the Supreme Court decided *Martinez Ramirez*, several federal courts have granted *Rhines* stays allowing habeas petitioners to return to state court, to exhaust claims based on newly acquired evidence,⁴ as well as claims impacted by changes in state law.⁵ Indeed, the Texas Attorney General acknowledged in his amicus brief in *Martinez Ramirez* that new evidence incorporated into the state court record following a stay and abeyance can properly be considered in federal habeas proceedings.⁶

Respectfully submitted,

Robert L. McGlasson
Counsel for Mr. Alvarez

---

³ In contrast, as explained in Petitioner's supplemental brief of December 21, 2021, Petitioner consistently argued that the claim was exhausted, and alternatively, that he established cause and prejudice to overcome any procedural default.

⁴ *See*, *e.g.*, *Wright v. Brown*, No. 2:21-CV-10688, 2022 WL 2440746 (E.D. Mich. July 5, 2022) (granting *Rhines* stay based on newly acquired video footage of crime scene); *Bush v. McGinley*, No. CV 21-2106, 2022 WL 2442731 (E.D. Pa. June 17, 2022), report and recommendation adopted, No. CV 21-2106, 2022 WL 2440762 (E.D. Pa. July 5, 2022) (granting *Rhines* stay based on a new affidavit and telephone records supporting the basis of an innocence claim); *Pickens v. Shoop,* No. 1:19-CV-558, 2022 WL 2802411 (S.D. Ohio July 18, 2022) (granting *Rhines* stay based on new *Brady* evidence); *Cowan v. Cates*, No. 1:19-CV-00745-DAD, 2022 WL 2719508 (E.D. Cal. July 13, 2022) (granting *Rhines* stay to allow petitioner to pursue claims based on "newly discovered legal and factual grounds," including new scientific evidence).

⁵ *Pickens v. Shoop,* No. 1:19-CV-558, 2022 WL 2802411, *supra* (citing a recent Ohio case allowing *Brady* claims to be raised in successor petitions).

⁶ *Shinn v. Martinez Ramirez*, 20-1009, Brief for the States of Texas, Alabama, Arkansas, Florida, Indiana, Kentucky, Mississippi, Missouri, Nebraska, Ohio, Oregon, South Carolina, and Utah as Amici Curiae in Support of Petitioners, February 26, 2021, at 16-17.

# CERTIFICATE OF SERVICE AND
# COMPLIANCE WITH ECF FILING STANDARDS AND
# WITH RULE 28(j)

I, Robert L. McGlasson, hereby certify that, on September 6, 2022, the foregoing Rule 28(j) letter was served upon the following registered CM/ECF users, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, in full compliance with ECF filing and Rule 28(j) standards. This letter was drafted in Times New Roman 14-pt, and contains 563 words.

> Mr. Stephen M. Hoffman
> Assistant Attorney General
> Office of the Attorney General
> P.O. Box 12548 (MC 059)
> Austin, Texas 78711-2548
> Stephen.Hoffman@oag.texas.gov

*/s/ Robert L. McGlasson*