IN THE

# United States Court of Appeals for the Fifth Circuit

JUAN CARLOS ALVAREZ,

*Petitioner–Appellant,*

v.

ERIC GUERRERO, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division

*Respondent–Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division,
Cause No. 4:09–CV–3040

## RESPONSE IN OPPOSITION TO PETITION
## FOR REHEARING EN BANC

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals
Division
    *Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936–1400
stephen.hoffman@oag.texas.gov

*Counsel for Respondent–Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent–Appellee*
Eric Guerrero, Director
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent–Appellee*
Stephen M. Hoffman, Deputy Chief
OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Petitioner–Appellant*
Juan Carlos Alvarez

*Counsel for Petitioner–Appellant*
Robert L. McGlasson
ATTORNEY AT LAW

s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals Division
*Counsel of Record for Respondent– Appellee*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................i

TABLE OF CONTENTS..........................................................ii

TABLE OF AUTHORITIES......................................................iii

INTRODUCTION ..................................................................1

STATEMENT OF THE ISSUES..................................................4

STATEMENT OF THE CASE ....................................................4

STATEMENT OF THE FACTS ..................................................6

    I.    Facts of the Crime ..................................................6

    II.   Punishment Facts..................................................6

ARGUMENT..........................................................................7

    I.    The Panel Correctly Applied Supreme Court and Circuit Precedent. ...............................................9

    II.   Alvarez Fails to Show an Issue of Exceptional Importance. ........................................................18

CONCLUSION......................................................................19

CERTIFICATE OF SERVICE..................................................21

CERTIFICATE OF COMPLIANCE ..........................................22

ELECTRONIC CASE FILING CERTIFICATIONS .........................23

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. Guerrero*, 162 F.4th 570 (5th Cir. 2025) ......................... passim

*Alvarez v. State*, No. 73,648 slip op. (Tex. Crim. App. Oct. 30, 2002) ...... 4

*Alvarez v. State*, No. AP–77,035, 2014 WL 1875365 (Tex. Crim. App. May 7, 2014) ............................................................................................ 5

*Andrew v. White*, 604 U.S. 86 (2025) ...................................................... 11

*Batson v. Kentucky*, 476 U.S. 79 (1986) .................................................. 19

*Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001) ........................ 2, 14, 19

*Cullen v. Pinholster*, 563 U.S. 170 (2011) ............................................... 15

*Deck v. Missouri*, 544 U.S. 622 (2005) .................................................... 19

*Ex parte Alvarez*, No. 62,426–01, 2008 WL 4357801 (Tex. Crim. App. Sept. 24, 2008) ................................................................................... 4

*Ex parte Alvarez*, No. 62,426–02, 2010 WL 3572246 (Tex. Crim. App. Sept. 15, 2010) ................................................................................. 5

*Ex parte Alvarez*, No. 62,426–03 (Tex. Crim. App. Sept. 17, 2014) .......... 5

*Ex parte Alvarez*, No. 62,426–04, 2015 WL 1955072 (Tex. Crim. App. Apr. 29, 2015) ....................................................................................... 5

*Ex parte McFarland*, 163 S.W.3d 743 (Tex. Crim. App. 2005) ............... 13

*Geders v. United States*, 425 U.S. 80 (1976) ........................................... 11

*Gilliard v. Oswald*, 557 F.2d 359 (2d Cir. 1977) ...................................... 8

*Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637 (5th Cir. 1985) ................. 8

*Hall v. Thaler*, 504 F. App'x 269 (5th Cir. 2012) ................................. 2, 13

*Harrington v. Richter*, 562 U.S. 86 (2011) .............................................. 10

*Higgins v. Cain*, 720 F.3d 255 (5th Cir. 2013) ...................................... 17

*Holloway v. Arkansas*, 435 U.S. 475 (1978) ........................................ 10

*Knowles v. Mirzayance*, 556 U.S. 111 (2009) ...................................... 10

*Mayo v. Cockrell*, 287 F.3d 336 (5th Cir. 2002) .................................. 14

*Mays v. Hines*, 592 U.S. 385 (2021) ...................................................... 10

*McFarland v. Lumpkin*, 26 F.4th 314 (5th Cir. 2022) ...................... 2, 13

*Morgan v. Hardy*, 662 F.3d 790 (7th Cir. 2011) ................................. 13

*Murray v. Schriro*, 882 F.3d 778 (9th Cir. 2018) ................................ 16

*Payne v. Tennessee*, 501 U.S. 808 (1991) .............................................. 12

*Shoop v. Hill*, 586 U.S. 45 (2019) ............................................................ 2

*Strickland v. Washington*, 466 U.S. 668 (1984) .................................... 2

*Teague v. Lane*, 489 U.S. 28 (1989) ....................................................... 13

*United States v. Am. Foreign S.S. Corp.*, 363 U.S. 685 (1960) ............... 8

*United States v. Cronic*, 466 U.S. 648 (1984) ......................................... 2

*United States v. Nixon*, 827 F.2d 1019 (5th Cir. 1987) ......................... 18

*United States v. Rosnow*, 981 F.2d 970 (8th Cir. 1992) ........................ 13

*Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001) .................................. 17

*W. Pac. R. Corp. v. W. Pac. R. Co.*, 345 U.S. 247 (1953) .......................... 8

*White v. Woodall*, 572 U.S. 415 (2014) ................................................. 10

*Wright v. Van Patten*, 552 U.S. 120 (2008) ........................................... 12

*Young v. Davis*, 835 F.3d 520 (5th Cir. 2016) ....................................... 15

## Constitutional Provisions & Statutes

28 U.S.C. § 2254(d)(1).............................................................1, 2

28 U.S.C. § 2254(e)(1).................................................................17

28 U.S.C. § 2254(e)(2).................................................................15

## Rules & Regulations

5th Cir. R. 40.2.1..........................................................................7

5th Cir. R. 40.2.6..........................................................................7

Fed. R. App. P. 40(a).....................................................................7

Fed. R. App. P. 40(b)(2) ...........................................................7, 19

Fed. R. Evid. 606(b) .....................................................................15

Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit accompanying Local Rule 40 ......................7, 9, 18

## Other Authorities

The Antiterrorism and Effective Death Penalty Act of 1996 ......... passim

# INTRODUCTION

Juan Carlos Alvarez was convicted and sentenced to death for his role in two gang-related shootings. Alvarez now seeks en banc review of this Court's panel decision affirming the district court's denial of habeas relief on Alvarez's claim that one of his two lawyers slept during trial. *Alvarez v. Guerrero*, 162 F.4th 570 (5th Cir. 2025). Alvarez argues that the panel's decision warrants en banc review because it conflicts with Circuit and Supreme Court precedent and because the panel's decision undermines the right to counsel and the public's faith in the criminal justice system. *See generally* Appellant's Petition for Rehearing En Banc (Pet.).

However, this is an AEDPA[1] case, so to obtain relief Alvarez must show the state court unreasonably applied clearly established Supreme Court precedent when it denied his claim. 28 U.S.C. § 2254(d)(1). As noted, Alvarez had two lawyers, and Alvarez only complains that one slept. The panel majority correctly held "there is *no* clearly established Supreme Court law holding that a defendant was subjected to a violation of the Sixth Amendment where one counsel allegedly performed

---

[1]    The Antiterrorism and Effective Death Penalty Act of 1996.

defectively but a second, engaged attorney effectively participated in representing the defendant." *Alvarez*, 162 F.4th at 579. Certainly, *Strickland*[2] and *Cronic*[3] do not establish that rule beyond all fairminded disagreement. *Shoop v. Hill*, 586 U.S. 45, 48 (2019) (per curiam) (§ 2254(d)(1) requires an error understood "in existing law beyond any possibility for fairminded disagreement" (quotation omitted)).

In *Burdine*—a non-AEDPA case—the en banc Court presumed prejudice when a capital defendant's only attorney slept during trial. *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001). But two other panels of this Court have subsequently held "there cannot be constitutionally inadequate counsel when two attorneys represent a defendant and the effectiveness of only one is attacked." *Alvarez*, 162 F.4th at 579 (citing *McFarland v. Lumpkin*, 26 F.4th 314 (5th Cir. 2022); *Hall v. Thaler*, 504 F. App'x 269, 277–78 (5th Cir. 2012)). Alvarez's petition therefore faults the panel for not creating an intra-circuit split. The en banc Court should refuse to overturn the unanimous view of three

---

[2]    *Strickland v. Washington*, 466 U.S. 668 (1984).

[3]    *United States v. Cronic*, 466 U.S. 648 (1984).

panel majorities, which ipso facto demonstrate that fairminded jurists could debate *Cronic*'s applicability. *Id.* at 584 n.14

Alvarez asserts that the panel majority ignored the "spectacle" of counsel sleeping during trial. Pet.ii. But the majority and the lower court found that Alvarez failed to prove counsel slept during a critical stage of trial, meaning there was no "spectacle" to behold. *Alvarez*, 162 F.4th at 580–82; ROA.3079–80. Largely parroting the dissent, Alvarez contests the majority's adverse findings. But even if the Court were inclined to engage in mere error correction, there is nothing to correct. The panel found that Alvarez's contention that his lawyer slept is vague and speculative, *id.*, and it suffers from severe evidentiary deficiencies. Furthermore, the majority and the lower court properly ascertained that Alvarez's second attorney was actively involved at trial and provided a backstop even assuming that Alvarez's other attorney slept. *Id.*

The en banc Court should decline Alvarez's invitation to second-guess the majority's detailed and fact-bound resolution of these issues— a resolution that mirrors the district court's careful assessment.

## STATEMENT OF THE ISSUES

1.   Applying AEDPA's deferential standard, did the panel misapply *Cronic* and *Strickland* by holding that the state court did not unreasonably deny relief on Alvarez's sleeping-lawyer claim?

2.   Does Alvarez demonstrate a question of exceptional importance when the panel majority and the lower court found that he failed to prove that counsel slept during a critical stage of trial or that his co-counsel was unengaged?

## STATEMENT OF THE CASE

Alvarez was convicted and sentenced to death by the 338th District Court of Harris County, Texas. Appeal was automatic to the Texas Court of Criminal Appeals (CCA), which affirmed. *Alvarez v. State*, No. 73,648 slip op. (Tex. Crim. App. Oct. 30, 2002) (not designated for publication).

Alvarez also filed a state habeas application. The trial court made findings and conclusions, and the CCA entered an order denying relief that adopted most of them. *Ex parte Alvarez*, No. 62,426–01, 2008 WL 4357801 (Tex. Crim. App. Sept. 24, 2008) (per curiam) (not designated for publication).

Alvarez petitioned for federal habeas relief in 2009. ROA.9. After two fruitless stays permitting Alvarez to litigate his claims in state court[4], the district court denied habeas relief and a certificate of appealability (COA). ROA.3019, 3095, 3097. Alavarez then sought COA from this Court. ECF Nos. 27, 32, 38–40, 46.[5] Alvarez attempted to supplement the record with a new affidavit from trial counsel, which the panel ultimately denied. *Alvarez*, 162 F.4th at 573 n.1, 577, 584. The panel eventually granted a COA, permitted supplemental merits briefing, and heard argument. ECF Nos. 80–81, 83, 85, 91. After argument, the panel granted Alvarez's motion to supplement the record and to file another brief. ECF Nos. 96, 98, 105. The panel released its decision on December 23, 2025. *Alvarez*, 162 F.4th at 570. Judge Richman dissented. *Id.* at 588.

---

[4]     *Ex parte Alvarez*, No. 62,426–02, 2010 WL 3572246 (Tex. Crim. App. Sept. 15, 2010) (per curiam) (not designated for publication) (dismissing Alvarez's subsequent application as an abuse of the writ); *Alvarez v. State*, No. AP–77,035, 2014 WL 1875365 (Tex. Crim. App. May 7, 2014) (per curiam) (not designated for publication) (rejecting Alvarez's attempts to appeal the trial court's unappealable order denying funding); *Ex parte Alvarez*, No. 62,426–03 (Tex. Crim. App. Sept. 17, 2014) (Alvarez's unsuccessful mandamus action attempting to secure funding); *Ex parte Alvarez*, No. 62,426–04, 2015 WL 1955072 (Tex. Crim. App. Apr. 29, 2015) (per curiam) (not designated for publication) (dismissing Alvarez's second subsequent application as an abuse of the writ).

[5]     "ECF No." refers to entries on this Court's electronic docket sheet.

Alvarez now seeks panel and en banc review. ECF Nos. 149, 150. The Court requested a response to the en banc petition from the Director, ECF No. 161, who opposes.

## STATEMENT OF THE FACTS

### I. Facts of the Crime

Alvarez, a member of the Southwest Cholos street gang, was convicted of capital murder for his participation in two shootings stemming from conflict with a rival gang, La Primera. These shootings resulted in the June 6, 1998 murders of brothers Michael and Adrian Aguirre and the June 17, 1998 murders of José Varela and Hugo Perez. ROA.3019–23. The State presented "overwhelming" evidence supporting the conviction, including "eyewitness accounts, co-participant testimony, forensic evidence, and Alvarez's statement to the police." *Id.*; *Alvarez*, 162 F.4th at 574–75.

### II. Punishment Facts

At punishment, the State offered evidence of "Alvarez's previous conviction for aggravated assault with a deadly weapon[,] . . . other unadjudicated aggravated assaults, and drive-by shootings . . . that involved at least one additional death." *Alvarez*, 162 F.4th at 575.

Alvarez's gang violence was random and indiscriminate. *Id*. In turn, the defense offered evidence about Alvarez's background, his childhood in Mexico, and his father's murder. *Id*. His family testified that "Alvarez learned English, worked hard, provided for his family, did not use drugs, was responsible, got along well with others, and was quiet." *Id*. A psychologist testified to Alvarez's response to the murders of his father and a friend as well as Alvarez's general mental health. *Id*.

## ARGUMENT

Federal Rule of Appellate Procedure 40(a) explains that "rehearing en banc is not favored." *See also* 5th Cir. R. 40.2.1. Litigants seeking rehearing en banc must show that: (1) en banc consideration is necessary to maintain "uniformity of the court's decisions"; (2) the panel's decision conflicts with a Supreme Court decision or another circuit's authoritative opinion; or (3) the proceeding involves a question of "exceptional importance." Fed. R. App. P. 40(b)(2); 5th Cir. R. 40.2.6; Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit accompanying Local Rule 40 (5th Cir. R. 40 IOP) (rehearing en banc is "an extraordinary procedure that is intended to bring to the attention of the entire court an error of exceptional public importance or

an opinion that directly conflicts with prior Supreme Court, Fifth Circuit, or state law precedent."). "Alleged errors in the facts of the case . . . or in the application of correct precedent to the facts of the case are generally matters for panel rehearing but not for rehearing en banc." 5th Cir. R. 40 IOP; *see also Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637, 641 (5th Cir. 1985); *Gilliard v. Oswald*, 557 F.2d 359 (2d Cir. 1977) (Kaufman, C.J., concurring) ("I do not believe a judge should cast a vote for reconsideration by the entire court merely because he disagrees with the result reached by the panel.").

"[E]n banc courts are the exception, not the rule." *United States v. Am. Foreign S.S. Corp.*, 363 U.S. 685, 689 (1960) (superseded in statute). "They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit." *Id.*; *accord Gonzalez*, 773 F.2d at 641. Indeed, rehearings are not "healthy" and should not be "deemed a normal procedure." *W. Pac. R. Corp. v. W. Pac. R. Co.*, 345 U.S. 247, 270 (1953) (Frankfurter, J., concurring). The routine filing of rehearing petitions wastes judicial energy and litigants' money, causes needless delay, and raises false hope. *Id.* "If petitions for rehearing

were justified, except in rare instances, it would bespeak serious defects in the work of the courts of appeals, an assumption which must be rejected." *Id*. The Court's procedures state "[p]etitions for rehearing en banc are the most abused prerogative of appellate advocates in the Fifth Circuit." 5th Cir. R. 40 IOP.

Accordingly, this Court should not grant rehearing en banc unless Alvarez has demonstrated that the panel's opinion *directly* conflicts with a Circuit or Supreme Court decision or otherwise presents a precedent-setting issue of unusual importance. Alvarez abjectly fails to make this showing.

## I.    The Panel Correctly Applied Supreme Court and Circuit Precedent.

Alvarez's complaint that the panel majority misapplied *Strickland*, *Cronic*, and *Burdine* is unworthy of en banc review. Applying the deferential AEDPA standard, the panel majority correctly held that the state court's determination that Alvarez was not denied effective assistance when one of his two trial counsel supposedly slept during trial was not unreasonable.

The majority's decision conforms with the Supreme Court's teachings. "'[I]t is not an unreasonable application of clearly established

Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.'"[6] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). A state court ruling is an unreasonable application of federal law "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 427 (2014) (quotation and citation omitted); *Shinn v. Kayer*, 592 U.S. 111, 112, 118–20 (2020) (per curiam). Relief is only appropriate where the state court "managed to blunder so badly that every fairminded jurist would disagree" with its decision. *Mays v. Hines*, 592 U.S. 385, 392 (2021) (per curiam).

Here, the panel majority held that none of the Supreme Court's cases concerning counsel's "absence" during critical portions of trial dealt with the situation where only one of two counsel was alleged absent, and other counsel was actively representing the defendant. *Alvarez*, 162 F.4th at 579, 582. Alvarez and the dissent rely on *Holloway v. Arkansas*[7] and

---

[6]    If the Supreme Court has not "broken sufficient legal ground to establish [a] . . . constitutional principle, the lower federal courts cannot themselves establish such a principle [ ] sufficient to satisfy the AEDPA bar." *Williams v. Taylor*, 529 U.S. 362, 381 (2000).

[7]    435 U.S. 475 (1978).

*Geders v. United States*[8] to stake their claim to clearly established law. Pet.15–16; *Alvarez*, 162 F.4th at 582 (majority), 598 (dissent). But *Holloway* involved conflicted counsel, *Geders* concerned an attorney precluded from conferring with his client, and neither case centered on co-counsel's presence. As observed by the panel majority, "[t]he dissent cites no case because there is none even remotely on point." *Alvarez*, 162 F.4th at 582.

Alvarez and the dissent attempt to overcome this deficiency by relying on the Supreme Court's recent decision in *Andrew v. White*[9] for the proposition that general principles can constitute clearly established federal law. Pet.12–13; *Alvarez*, 162 F.4th at 594–95 (Richman, J., dissenting). But the majority correctly noted that "*Andrew* is inapposite on the facts and the precise legal issue before the Court." *Id.* at 579. In *Andrew*, the prosecution introduced evidence about Andrew's sex life and her failings as a mother and wife, much of which the prosecution later conceded was irrelevant. 604 U.S. at 87. Andrew argued introduction of the evidence was so prejudicial that it violated the Due Process Clause.

---

[8]     425 U.S. 80 (1976).

[9]     604 U.S. 86 (2025).

*Id.* Conducting an AEDPA review, the Tenth Circuit held that no relevant clearly established federal law existed to consider whether the state court's application of such was reasonable. *Id.* at 88–89, 95–96. The Supreme Court disagreed and remanded the case, finding that the Court had "made clear that when 'evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause . . . provides a mechanism for relief." *Id.* at 88 (quoting *Payne v. Tennessee*, 501 U.S. 808, 825 (1991)).

Here, the majority did not refuse to acknowledge *Cronic*'s general principles. Rather, it found—after painstaking review—that *Cronic* was not even "potentially applicable." *Alvarez*, 162 F.4th at 582. As pertinent here, *Cronic* deals with situations where there is a "complete denial of counsel" such that evaluating prejudice is a waste of time.[10] *Wright v. Van Patten*, 552 U.S. 120, 124–25 (2008). As in *Van Patten*, the majority found that no precedent extended *Cronic* to this "novel" factual situation. *Alvarez*, 162 F.4th at 583–84. Similarly, the panel majority did not refuse to acknowledge or apply *Strickland*'s teachings. Pet.8–9. Rather, it

---

[10] *Cronic* applies in three situations—the denial of counsel at a critical stage, the entire failure of meaningful adversarial testing, and certain circumstances where even a competent lawyer could not provide effective representation. *Alvarez*, 162 F.4th at 584.

explicitly applied *Strickland* and held that "[t]he state court could reasonably have determined that the record was insufficient to show prejudice pursuant to *Strickland*." *Alvarez*, 162 F.4th at 580.

Because Alvarez had two lawyers, presumed prejudice is congruently forbidden by AEDPA and *Teague v. Lane*, 489 U.S. 288, 309–10 (1989). *Alvarez*, 162 F.4th at 583 n.13; *Hall*, 504 F. App'x at 278 n.16. As the panel majority observed, this Circuit and the CCA have repeatedly refused to apply presumed prejudice in the multiple-attorney context. *McFarland*, 26 F.4th at 319–20; *Hall*, 504 F. App'x at 277–78; *Ex parte McFarland*, 163 S.W.3d 743, 753, 760 (Tex. Crim. App. 2005).[11] Alvarez tries to limit those cases to their facts, Pet.12–13, but the panel majority correctly tracked their reasoning by finding that Alvarez's second lawyer was sufficiently engaged to preclude presumed prejudice. The en banc Court should decline to introduce conflict in the Circuit's law where nothing but uniformity currently exists.

As with *Cronic*, the panel correctly applied *Strickland* and *Burdine*. In *Burdine*, the principle that prejudice is presumed when a "counsel is

---

[11]     *Cf. Morgan v. Hardy*, 662 F.3d 790, 804 (7th Cir. 2011) (prejudice not presumed when co-counsel was present during lead counsel's absence); *United States v. Rosnow*, 981 F.2d 970, 972 (8th Cir. 1992) (co-counsel protected Sixth Amendment rights).

repeatedly unconscious through not insubstantial portions" of trial was not a new rule under *Teague*. 262 F.3d at 341–48. However, *Burdine*'s holding was limited to its "egregious facts." *See id*. at 349; *see also Mayo v. Cockrell*, 287 F.3d 336, 340 n.3 (5th Cir. 2002). In *Burdine*, the state court conducted an evidentiary hearing. *Id*. at 339–40. While the evidence conflicted, at least four credible witnesses stated that Burdine's attorney slept, and there was evidence of prior sleeping. *Id*. Testimony showed generally when and how long counsel slept, and the trial court recommended granting relief. *Id*.

Alvarez fails to meet *Burdine*'s requirements or show equivalently egregious facts. Burdine had one lawyer. Alvarez had two. Burdine demonstrated counsel's sleeping with reasonable specificity. Alvarez failed to show when and how long counsel purportedly slept. ROA.3079–80. Accordingly, the district court correctly refused to presume prejudice and essentially denied Alvarez's claim as conclusory. *Id*. The court also noted that Alvarez's claim failed regardless of when any sleeping occurred and even under de novo review. ROA.3065, 3079–80 n.38.

The panel majority agreed. *Alvarez*, 162 F.4th at 581–82. It held that the record does not reflect that "the trial judge admonished [counsel]

about sleeping or had to wake him up or encouraged him to pay attention." *Id*. In fact, the judge complimented counsel, saying "[no]body takes advantage of you." *Id*. The majority noted that sleeping was suspiciously a non-issue in Alvarez's post-trial proceedings, pressed neither on direct appeal nor in Alvarez's initial habeas application. *Id*. Counsel submitted affidavits[12] that did not mention his sleeping, and co-counsel—in the best position to observe the supposed sleeping—never supplied an affidavit detailing counsel's dozing. *Id*. at 579–82 & n.10. Now, co-counsel is dead and, "conveniently" for Alvarez, cannot be consulted. *Id*. at 581 n.10. The majority acknowledged Alvarez's juror affidavits but properly found them limited and uncorroborated.[13] *Id*. at 580. The majority further observed that the dissent never identified a single question that counsel should have asked, but did not, because he was asleep. *Id*. at n.9. The suggestion that counsel may have mishandled

---

[12]    The dissent and the majority agreed that counsel's 2019 affidavit cannot be considered, either because of 28 U.S.C. § 2254(e)(2) or *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Alvarez*, 162 F.4th at 573 n.1, 615.

[13]    The panel majority did not reach the issue, but this Court "has repeatedly held that [Federal Rule of Evidence] 606(b) forbids consideration of juror affidavits in federal habeas cases." *Young v. Davis*, 835 F.3d 520, 529 (5th Cir. 2016). Alvarez mentions his mother and sister's affidavits stating that they saw counsel sleep during the prosecution's closing argument, Pet.3, but those individuals lack credibility due to their relationship with Alvarez, and Alvarez concedes they were not present for much of trial. ECF No. 149 at 11 nn.6–7.

a witness was mere "conjecture." *Id*. at 579. Simply put, "Alvarez never made his proof." [14] *Id*. at 582.

Similarly—and contrary to Alvarez's assertion that co-counsel was simply a "warm body" or "mere presence", Pet.ii, 1, 8–9—the panel majority observed that co-counsel was an active participant at trial, thereby safeguarding Alvarez's rights. *Alvarez*, 162 F.4th at 581. Co-counsel had been involved with the case for over a year and far longer than counsel. *Id*. And both the majority and the district court reviewed the trial record and found that co-counsel "was present at all times and 'made various objections, questioned experts on voir dire, cross-examined witnesses, and argued before the jury.'" *Id*. at 582. Co-counsel "was fully engaged in the case." *Id*.; *see also* ROA.3080. These findings—that Alvarez failed to prove that counsel slept at a critical stage of trial or that co-counsel was unengaged—preclude prejudice under *Burdine* or *Strickland. Id*. at 579 ("even if there were such 'clearly established law,' there is no basis for its application on the barebones claims about the trial here").

---

[14]   *See Murray v. Schriro*, 882 F.3d 778, 819–20 (9th Cir. 2018) (sleeping lawyer claim failed under AEDPA when petitioner failed to prove that sleeping occurred).

Reiterating the dissent, Alvarez now contends that co-counsel could not have provided an adequate backstop because of a local rule or custom that only one attorney at a time could examine a witness. Pet.9–10 (citing *Alvarez*, 162 F.4th at 590 (Richman, J., dissenting)). The majority correctly responded that "it is only supposition that [co-counsel] sat like *a bump on a log* and never proposed questions for cross on [counsel]'s witnesses." *Alvarez*, 162 F.4th at 582 (emphasis added).

The state court's fact-findings, whether implicit or explicit, are entitled to deference on federal habeas review. 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). The lower court's fact-findings are reviewed for clear error. *Alvarez*, 162 F.4th at 582 (citing *Higgins v. Cain*, 720 F.3d 255, 260 (5th Cir. 2013)). Combined, they form an insurmountable barrier for Alvarez.

Moreover, whether and when counsel slept or whether co-counsel was sufficiently involved are inherently fact-bound questions, resolved in turn by the state court, the district court, and the panel. To grant relief, the whole en banc Court would have to take a deep dive into the whole of the trial record. Alvarez's complaints are therefore really an example of an "[a]lleged error[] . . . in the application of correct precedent to the facts"

and thus more appropriately a matter "for panel rehearing but not for rehearing en banc." 5th Cir. R. 40 IOP; *United States v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987).

In sum, Alvarez failed to prove his case, losing on both the facts and the law. The en banc Court should decline to review of the panel's thorough opinion, which is entirely consistent with Supreme Court and Circuit precedent.

## II. Alvarez Fails to Show an Issue of Exceptional Importance.

Alvarez argues that he raises an issue of exceptional importance because the "spectacle" of a lawyer sleeping undermines the public's faith in the criminal justice system and the right to counsel. Pet.ii, 1, 10–12. However, this argument falls apart in view of the facts, as found by the district court and the panel majority. Those courts found Alvarez failed to adequately prove counsel slept at a critical stage. With no proven dozing, there is no spectacle.

Further, Alvarez's argument, taken to the logical extreme, implies that no matter how many lawyers a defendant employs—ten, twenty, a hundred—if any of them dozes, then relief is automatic. The law does not countenance such absurdities. Rather, the majority's decision—as well as

*Hall* and *McFarland*—tracks the common practice of requiring harm, materiality, or prejudice before granting relief on constitutional errors.

Finally, Alvarez argues that the supposed error-at-hand is tantamount to those in inapposite cases like *Batson*[15] and *Deck*[16], which yielded automatic reversal or presumed prejudice. Pet.11. But the en banc Court effectively rejected Alvarez's argument in *Burdine* by "declin[ing] to adopt a per se rule that any dozing by defense counsel during trial merits a presumption of prejudice." *Burdine*, 262 F.3d at 349.[17] Rather, *Burdine* is explicitly limited to its egregious facts. *Id*. Here, Alvarez failed to prove his facts. And without them, his claim to exceptional importance falls flat.

## CONCLUSION

Alvarez's petition for rehearing en banc does not satisfy Rule 40(b)(2)'s standard and should be denied.

---

[15]    *Batson v. Kentucky*, 476 U.S. 79 (1986) (jury discrimination).

[16]    *Deck v. Missouri*, 544 U.S. 622 (2005) (shackling).

[17]    The existence of only a handful of sleeping-lawyer cases out of this Circuit post-*Burdine* suggests that the problem is not pervasive.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
  for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division


s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals Division
State Bar No. 24048978
  *Counsel of Record*
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936–1400
Fax: (512) 320–8132
Email: *stephen.hoffman@oag.texas.gov*

*Attorneys for Respondent–Appellee*

## CERTIFICATE OF SERVICE

I do hereby certify that on March 2, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic case-filing (ECF) system of the Court. The ECF system sent a "Notice of Electronic Filing" (NEF) to the following attorney of record, who consented in writing to accept the NEF as service of this document by electronic means:

Robert L. McGlasson
ATTORNEY AT LAW
1770 Post Street No. 207
San Francisco, CA 94115
Email: rlmcglasson@me.com

s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals Division

# CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rules of Appellate Procedure 32(a)(5), 32(a)(6), 40(d)(3)(A), & 40(d)(4) in that it contains 3,899 words in a proportionally spaced typeface (14-point Century Schoolbook) prepared using Microsoft 365 Word.

s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals Division

# ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made, Fifth Circuit Rule 25.2.12; (2) this electronic submission is an exact copy of the paper document, Fifth Circuit Rule 25.2.1; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Deputy Chief, Criminal Appeals Division